## COUNT II

## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq* POST EMPLOYMENT RETALIATION

### Kathleen Jungclaus vs. Waverly Heights LTD

66. Plaintiff restates and realleges paragraphs 1 through 65 as though set forth here in full.

67. Defendant Waverly's retaliation against Plaintiff did not stop with her firing.

68. After her firing Plaintiff dual-filed a charge with the EEOC and the Pennsylvania Human Relations Commission.

69. Section 704 of Title VII, cited by this Court in *Stezzi v. Citizens Bank of Pennsylvania*, Civil Action No. 10-4333 at page four reads as follows:

> It shall be unlawful employment practice for an employer to discriminate against any of his employees…because he has opposed any practice made an unlawful employment practice… or because he has made a charge… under this subchapter.

70. As in *Strezzi,* Plaintiff contends that Defendant Waverly has violated Title VII in opposing her being granted unemployment benefits to the extent that Defendant Waverly has appealed the determination that Plaintiff was eligible for benefits, now to the Commonwealth Court of Pennsylvania, despite clear court precedent and plain statutory wording and applicable case law as to what constitutes "willful misconduct" as well as the wording of its own Social Media Policy.

71. Defendant Waverly's actions has costing her attorney's fees and impairing her ability to gain suitable employment.

72. Accordingly, Plaintiff is entitled all applicable damages under Title IX for Defendant Waverly's post-employment retaliation.

19

## COUNT III

## AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

### Kathleen Jungclaus vs. Waverly Heights LTD

73. Plaintiff restates and realleges paragraphs 1 through 72 as though set forth here in full.

74. The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* as amended ("ADEA"), makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of age. At all times complained of herein, Plaintiff was an employee in the protected age category, of at least 40 years of age pursuant to 29 U.S.C. §631.

75. The ADEA at Section 623 (a) provides that it is unlawful for an employer "(1)…to discharge or otherwise discriminate against any individual with respect to his compensation, terms conditions, or privileges of employment because of such individual's age; (2) to limit, segregate or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age;" Further, Section 623(d) makes it illegal for an employer to discriminate against an employee for his or her opposition to unlawful practices.

76. Defendant Waverly is liable for discrimination alleged herein under the doctrine of *respondeat superior* due to the hostile work environment created by the actions and statements of its managers, employees and owners.

20

77. Defendant Waverly is liable for the acts of its Board, its management, and co-workers, because it knew of their proclivities when it came to age discrimination towards Plaintiff and permitted a hostile work environment to exist, but did nothing about it.

78. The age discrimination detrimentally affected Plaintiff and made her suffer emotional distress as a result of being replaced by a younger less qualified employee. as well as emotional attendant to losing her job.

79. Defendant Waverly is liable for the acts alleged herein because its Board and managers established the corporate culture, which encouraged age discrimination, harassment and retaliation, as well as other forms of discrimination.

80. Based upon the foregoing facts, Defendant Waverly has discriminated against Plaintiff on the basis of her age, retaliated against her for standing up for herself, and has deprived her of her rights in violation of The Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*.

81. As a result of such conduct by Defendant Waverly, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, emotional trauma and the physical consequences thereof suffered by her as a consequence of Defendant's illegal conduct.

82. The described unlawful employment practices by Defendant Waverly were intentional and were done with malice or reckless indifference to Plaintiff's rights protected by the laws of the United States, as well as the laws of the Commonwealth of Pennsylvania. These unlawful acts were committed because of her age and were in retaliation against her standing up for herself, in opposition to illegal practices directed against her.

83. The effect of the aforementioned practices has been to deprive Plaintiff of equal employment opportunities and adversely affect her status as an employee because of her age.

84. By reason of Defendant Waverly's discrimination, the named Plaintiff is entitled to all legal and equitable remedies available.

## COUNT IV

### VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

### SEX and AGE DISCRIMINATION IN EMPLOYMENT, CREATING A HOSTILE WORK ENVIRONMENT AND RETALIATION

### Kathleen Jungclaus vs. Waverly Heights LTD

85. Plaintiff realleges paragraphs 1 to 84 and incorporates them by reference as though set forth here in full.

86. This claim arises under the Pennsylvania Human Relations Act ("PHRA"). The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq.*, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment.

87. Plaintiff is in a protected class because of her sex and age.

88. Based upon the foregoing facts, Defendant Waverly has discriminated against Plaintiff on the basis of her sex and age and has deprived her of her rights in violation of the Pennsylvania Human Relations Act, 43 P.S. § 955 *et. seq.*

89. As a result of such conduct by Defendant Waverly, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things the consequences thereof suffered by Plaintiff as a consequence of Defendant Waverly's illegal conduct.

## COUNT V

### DEFAMATION
### 42 Pa. Cons. Stat. §§ 8341-8345

### Kathleen Jungclaus vs. Thomas P. Garvin

90. Plaintiff restates and realleges paragraphs 1 through 89 as though set forth here in full.

91. As set forth hereinbefore in paragraphs 24 through 28, on various occasions Defendant Garvin referred to Plaintiff, in speaking without privilege of any sort to other employees,

92. Comments in the paragraphs just referenced above went so far as to indicate that Plaintiff was racist. Moreover, these comments were maliciously made as they were explicitly contrary to what Defendant Garvin had promised Plaintiff prior to her departure.

93. Contrary to explicit promises to the contrary, Defendant Garvin made comments to others, including outsiders, Waverly employees and Waverly residents, which placed Plaintiff in a false light, as the clear inference was that Plaintiff had done something wrong, reprehensible, or possibly even criminal, when in fact as described hereinbefore, for decades, Plaintiff acted affirmatively and responsibly in her job in conformity with applicable law and regulation, Waverly policies, and values purportedly subscribed to by Defendant Waverly.

94. Given Plaintiff's long job tenure and her popularity with residents and employees, Defendant Garvin's statements tended to harm the reputation of Plaintiff, so as to lower her in the estimation of the community and/or to deter third persons from associating or dealing with her.

95. Pennsylvania law provides defamation as a remedy for the Plaintiff. Defamation is a general term for a legal claim involving injury to one's reputation, caused by a false statement of fact. Pennsylvania statutory law sets forth the burden of proof required of Plaintiff at 42 Pa. Cons. Stat. §8343(a) which includes the following:

    (a) The communication must be defamatory in character

    (b) The communication must be publicized by the defendant.

    (c) The communication must be applied to the plaintiff.

    (d) The understanding by the communications' recipients of its defamatory meaning.

    (e) Special harm resulting to the Plaintiff from its publication.

    (f) Abuse of a conditionally privileged occasion.

96. Simply stated, Defendant Garvin: 1) made a defamatory comment about Plaintiff, 2) that was published to others, 3) that directly identified and concerned Plaintiff, 4) that was understood by those to whom it was published, who understood it as being defamatory, and who later told Plaintiff of its occurrence, 5) that brought harm to Plaintiff's reputation, and 6) went beyond any claim of conditional privilege. Discovery and the availability of compulsory process promise to pierce lift the lid Defendant Garvin has placed on employees from communicating with Plaintiff and achieve further detail.

97. As Defendant Garvin has impugned Plaintiff's business conduct character and standing, Plaintiff has suffered defamation "per se."

98. As Defendant Garvin has defamed Plaintiff willfully, wantonly, and with malice, Plaintiff is entitled to punitive damages in addition to general damages.

## RELIEF REQUESTED

This civil action seeks on behalf of Plaintiff, legal and equitable relief including:

a.  A declaratory judgment declaring that Defendant Waverly has illegally discriminated against Plaintiff under Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621 *et seq.*, and the Pennsylvania Human Relations Act.

b.  An appropriate remedial order, granting injunctive relief, directing and requiring the following:

i.  Appointment of a civil rights monitor or trustee over Defendant' Waverly's operations, fully empowered to implement any injunctive relief issued by this Court, to oversee any and all employment practices until such time as Defendant Waverly no longer discriminates against its employees.

ii.  An immediate ban on any use of any discriminatory activities of the type described hereinbefore.

iii.  Such other remedial action as is needed to enforce compliance with all relevant standards of non-discrimination on the basis of race or color.

v.  Reinstatement of seniority and benefits with back and front pay for Plaintiff. and payment of compensatory and punitive damages, together with attorney's fees and the costs of suit, to Plaintiff in excess of $150,000, in an amount to be determined at trial for each of her Federal and State civil rights counts set forth hereinbefore.

vi.  Payment of general damages, compensatory damages, and punitive damages together with attorney's fees and the costs of suit to Plaintiff for the harm suffered by Plaintiff as a result of Defendant Garvin's defamatory statements.

vii. Such other and further relief as the Court may deem just and proper.

viii. Retention of jurisdiction by this Court until such time as the Court is satisfied that Defendant Waverly and Defendant Garvin have remedied the practices complained of herein and are determined to be in full compliance with the law.

## JURY DEMAND

The Plaintiff demands trial by jury of all issues triable of right to a jury.

## CERTIFICATION

I hereby certify that this Plaintiff has not brought a similar or related lawsuit encompassing the claims brought in this matter.

Date: October 6, 2017

Respectfully Submitted

Mark D. Schwartz, Esquire
P.O. Box 330
Bryn Mawr, PA 19010-0330
Telephone & Fax: 610 525-5534
Email: MarkSchwartz6814@gmail.com
Pa. I.D. #30527

Attorney for Plaintiff, Kathleen M. Jungclaus

## VERIFICATION

I, KATHLEEN M. JUNGCLAUS, do hereby verify that I am the Plaintiff in this matter and that the facts contained in the foregoing Plaintiff's Complaint are true and correct to the best of my knowledge, information and belief. I further understand that these statements are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

10/6/2017
DATE

KATHLEEN M. JUNGCLAUS