IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN M. JUNGCLAUS | : | NO.   17-cv-04462-RK |
| Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| WAVERLY HEIGHTS, LTD., THOMAS P. GARVIN and JOHN and JANE DOES NUMBERS 1-21 | : | |
| Defendants | : | |

## ANSWER WITH AFFIRMATIVE DEFENSES BY DEFENDANT, WAVERLY HEIGHTS, LTD., TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Waverly Heights, Ltd. ("Waverly" or "Defendant"),[1] by and through its attorneys, Eastburn and Gray, P.C., answers the First Amended Complaint of Plaintiff, Kathleen M. Jungclaus ("Plaintiff"), and in response thereto avers as follows:

### NATURE OF THIS ACTION

1. Denied. The First Amended Complaint is a writing, the language of which speaks for itself. To the extent that the allegations contained in paragraph 1 constitute conclusions of law, they are denied and no further response is required.

### PARTIES

2. Admitted. By way of further answer, it was Thomas Garvin's ("Mr. Garvin") idea to designate Plaintiff as a vice-president.

---

[1] On April 9, 2018, this Honorable Court granted Defendants' Motion to Dismiss whereby Count V (Defamation) and Count VI (Negligent Supervision of Thomas Garvin) were dismissed with prejudice. As a result, neither Thomas P. Garvin nor John and Jane Doe Numbers 1-21 (Waverly's Board of Trustees) are parties to this action.

1

3. Admitted in part, denied in part. Defendant's location, establishment and reference to its website are admitted. The remaining allegations contained in paragraph 3 constitute conclusions of law, they are denied and no further response is required.

4. Admitted. By way of further answer, Mr. Garvin is no longer a party to this action.

5. It is admitted that Defendant is supervised by a Board of Trustees. Defendants John and Jane Doe Numbers 1-21 are no longer parties to this action.

## JURISDICTION AND VENUE

6. through 8. Denied. The allegations contained in paragraphs 6 through 8 constitute conclusions of law, they are denied and no further response is required.

## FULFILLMENT OF TITLE VII CONDITIONS

9. Denied. The allegations contained in paragraph 9 constitute conclusions of law, they are denied and no further response is required.

## FACTUAL ASSERTIONS

10. Admitted in part, denied in part. It is admitted that Plaintiff's resume reflects her background as stated. It is denied that Plaintiff was "key" to Waverly attaining a "Best Place to Work" designation.

11. Denied. The content of Waverly's website is a writing, the language of which speaks for itself.

12. Denied. After reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth of said averments, they are denied and no further response is required.

13. Admitted in part, denied in part. It is admitted that Plaintiff received performance evaluations scores that generally reflected a satisfactory performance level. It is denied that her

2

job performance resulted in a particular level of reduced job turnover. Plaintiff's responsibilities included risk control and oversight of workers compensation claims; however, her job performance had nothing to do with the manner in which the workers compensation insurer distributed dividends to Waverly over the implicated years. It is admitted that Plaintiff was responsible for employee training, but it is denied that there was any quantifiable correlation between that aspect of her job and saving Waverly money. By way of further answer, Waverly would hope that its Vice-President of Human Resources would treat people fairly; however, due to the events leading up to her termination, Waverly management had justified concerns about her continued ability to do so. Concerning the allegations as to Mr. Garvin, who is no longer a party to this action, Waverly is unclear as to what Plaintiff is talking about and therefore cannot respond. The remaining allegations contained in paragraph 13 are denied and no further response in required.

14. Denied. In light of the fact that Plaintiff does not specify the alleged protesting of various discriminatory and questionable practices by Mr. Garvin it is impossible to respond. If Plaintiff is referencing an instance when she advised Mr. Garvin that a female employee was upset about not having a company car, after investigation with the implicated employee, it was determined that on the contrary she was not upset about the absence of a company car. Further, if Plaintiff is referencing the time she advised Mr. Garvin that the female CFO was allegedly "harassing her", Mr. Garvin promptly commenced an investigation of the matter. Plaintiff made clear that although she had consulted an attorney, she requested that Mr. Garvin take no action. Plaintiff also stated that she would never sue Waverly. Ultimately the female CFO was terminated for reasons unrelated to Plaintiff's interactions with her. To the extent that the allegations contained in paragraph 14 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

15. Denied. After reasonable investigation, Defendant is without knowledge or information to form a belief as to the truth of said averments, they are denied and no further response is required.

16. Admitted.

17. Denied. The text of the Tweet at issue is a writing, the language of which speaks for itself.

18. Admitted in part, denied in part. It is admitted that after Mr. Garvin's initial meeting with Plaintiff that he left to attend a conference in Florida and did not return to the office until Monday, September 26, 2016. It is denied that during their meeting that Plaintiff was dumbfounded. It is admitted that she appeared distraught. In light of the fact that Plaintiff immediately asked Mr. Garvin "Am I going to lose my job?" it is difficult to believe she was dumbfounded. Mr. Garvin replied that he could not give her any promise as to whether she would be fired and at no time did he tell her she should not be worried. Mr. Garvin never categorized the situation as a mere nuisance. By way of further answer, following this meeting Plaintiff immediately removed the subject Tweet.

19. Admitted in part, denied in part. It is admitted that Plaintiff immediately deleted the Tweet following the meeting with Mr. Garvin. Waverly is without knowledge or information sufficient to form a belief as to whether there were any comments, sharing and/or responses and such allegations are denied. Waverly did, however, receive the anonymous letter raising concerns about Plaintiff's conduct.

20. Admitted in part, denied in part. It is admitted that the meeting occurred towards the end of the day. It is denied that Plaintiff attempted to see Mr. Garvin several times or that he

was evasive. By way of further answer, Mr. Garvin was in the office all day and at no time did Plaintiff leave a message with his assistant for Mr. Garvin to contact Plaintiff.

21. Denied. Mr. Garvin did not state that he was upset. Mr. Garvin expressed concern about Plaintiff's actions and informed her that the matter was reviewed by Waverly's Human Resources Committee and outside legal counsel. At no time did Mr. Garvin state that the Human Resources Committee and the full Board of Trustees had voted unanimously to terminate her employment based upon a violation of Defendant's Social Media Policy. Mr. Garvin advised her that the violation of the Social Media Policy was an aspect of the basis for her termination but he also referenced her lack of judgment and conduct as being generally inappropriate and unbecoming of a Vice-President of Human Resources.

22. Denied. After reasonable investigation, Waverly is without knowledge or information to form a belief as to Plaintiff's rationale for questioning the matters stated in paragraph 22 of Plaintiff's First Amended Complaint. It is denied that Waverly failed to investigate and/or to consider the matter fully. To the extent that the allegations contained in paragraph 22 of the Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

23. Admitted. It is admitted that Plaintiff begged for her job and asked to be heard by the Board of Trustees. Mr. Garvin communicated that the decision was final.

24. Admitted. It is admitted that Plaintiff asked to resign and to stay for an additional 30 days. Waverly denied this request.

25. Denied. Mr. Garvin never made such a statement. By way of further answer, it is denied that Mr. Garvin made such a statement to any others as which Plaintiff without justification continues to insist upon.

26. Admitted in part, denied in part. It is admitted that Mr. Garvin informed Plaintiff that there were people available to help her remove her belongings and to accompany her for this purpose. Initially Plaintiff went to her office without any escort. The two Waverly employees met her in her office so as not to draw attention to her or to embarrass her. Further, Plaintiff had already confided in a Waverly employee that she had cleaned out her office while Mr. Garvin was away at his conference. Plaintiff was also offered a ride home form the office. It is a typical procedure that others accompany an individual after they have been terminated. At no time did Plaintiff express any concern about her reputation in the community nor did she say she was worried about her reputation. Interestingly, Plaintiff is the one who after the meeting with Mr. Garvin and Dick Bauer ("Mr. Bauer") interacted with other Waverly employees informing them about what she had done and admitting to the fact that she made a mistake. Mr. Garvin never publicized the circumstances underlying Plaintiff's termination and announced her departure in very generic terms to the community stating that she would simply no longer be employed at Waverly. Plaintiff's categorization of her "escort" from Waverly's administrative offices is misconstrued and overdramatized where her car was located in a private area no more than 50 feet from her office. The individuals that accompanied her were present to assist her with carrying her things and to ensure that she was not taking company property, a very typical manner of proceeding when an employee is terminated.

27. Admitted in part, denied in part. It is admitted only that Mr. Garvin met with the Senior Management Team to advise that Plaintiff would no longer be employed at Waverly and in the interim human resource related questions should be directed to Mr. Garvin. The remaining allegations contained in paragraph 27 of Plaintiff's First Amended Complaint are denied and no further response is required.

28. Denied. It is admitted only that Mr. Garvin informed certain vendors of Waverly that Plaintiff would no longer be employed by Waverly but at no time did he specify the reasons. To the best of Mr. Garvin's recollection, he made these calls the day after Plaintiff's termination. The remaining allegations contained in paragraph 28 of Plaintiff's First Amended Complaint are denied and no further response is required.

29. Denied. It is denied that at any time Mr. Garvin advised Meg Guenveur about the circumstances involving Plaintiff's termination. Waverly has no knowledge of a telephone conversation between Plaintiff and Ms. Guenveur and said allegations are denied.

30. Denied. Waverly has no knowledge of a telephone conversation between Bill Macguire and Plaintiff, said allegations are denied and no further response is required.

31. Denied. It is denied that Mr. Garvin defamed Plaintiff to anyone. By way of further answer, the defamation claim in this matter was dismissed with prejudice by this Honorable Court.

32. Denied. Waverly has no knowledge concerning a telephone conversation that allegedly occurred between Plaintiff and an unidentified housekeeping employee of Waverly, the allegation is denied and no further response is required.

33. Denied. It is denied that Mr. Garvin defamed Plaintiff to the Board of Trustees and/or claimed she was a racist. By way of further answer, the full Board of Trustees did not approve the termination but would have learned about the circumstances shortly thereafter.

34. Denied. Waverly's response to paragraph 33, above, is incorporated by reference as if set forth at length.

35. Denied. By way of further answer, the defamation claim against Mr. Garvin and the Board of Trustees (John and Jane Doe Numbered 1-21) has been dismissed with prejudice by this Honorable Court.

36 and 37.   Any and all assertions made in the context of the Unemployment Compensation proceeding are privileged and it is denied that anyone at any time ever claimed that Plaintiff was a racist or that this was a basis for her termination. By way of further answer, the defamation claim in this action was dismissed with prejudice.

38.   Denied. Plaintiff's Tweet was in writing, the language of which speaks for itself. The allegations concerning the characterization of the Tweet are likewise denied.

39.   Denied. Defendant's Social Media Policy is a writing, the language of which speaks for itself and said allegations are denied.

40.   Denied. Defendant's Social Media Policy is a writing, the language of which speaks for itself and said allegations are denied.

41.   Denied. Plaintiff admitted to posting the subject Tweet. Then during the meeting terminating her employment Plaintiff suddenly started saying that she didn't do it and someone else did it. Then, remarkably when filing for unemployment compensation, Plaintiff claimed that her husband posted the subject Tweet. Even more interesting is the fact that this new theory is not alleged in any complaint filed in the above action nor in the voluminous letter from Plaintiff's counsel reciting Plaintiff's version of the events underlying her separation from employment. It is denied that progressive discipline is required by Waverly or any other employer for that matter.

42.   Denied. The Social Media Policy is a writing, the language of which speaks for itself. Waverly admits that it does not discriminate against its employees.

43.   Admitted in part, denied in part. It is admitted that the former Board Chairman sent emails that were political in nature to a small group of people, including Plaintiff, with whom he believed he shared similar political beliefs. The remaining allegations contained in paragraph 43 of Plaintiff's First Amended Complaint are denied.

44. Denied. After reasonable investigation, Waverly is unaware of what Plaintiff means by an alleged hostile environment and her supposed advocacy. To the extent that the allegations contained in paragraph 44 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

45. Denied. After reasonable investigation, Waverly is unclear as to what Plaintiff is referencing about her supposed challenges directed towards Mr. Garvin and the alleged "male dominated empire". To the extent that the allegations contained in paragraph 45 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

46. Admitted.

47. Admitted in part, denied in part. It is admitted only that although she was making more than $110,000.00, Meredith Feher, Senior Vice President of Health Care Service, told Plaintiff that if she was unhappy with her compensation she should speak to Mr. Garvin. After doing so, Mr. Garvin increased Plaintiff's compensation as well as others to achieve a higher compensation ratio as determined with the assistance of a Human Resources Compensation Consultant. Defendant has always used the Compensation Consultant's guidelines and Plaintiff was above market value. Senior management received increases over a 3 year period and to get senior management into a compensation ration between 1.02 and 1.06. The remaining allegations contained in paragraph 47 of Plaintiff's First Amended Complaint are denied.

48. Denied. It is denied that there was an atmosphere of male superiority at Waverly or that Mr. Garvin, as its CEO, engaged in conduct or behavior that was objectionable to female members of the leadership team. Further, at no time were such complaints brought against Mr. Garvin and Plaintiff is making the allegations contained in her First Amended Complaint solely

for the purpose of personally attacking Mr. Garvin without any justification or legal basis whatsoever. To the extent that the allegations contained in paragraph 48 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

49. Denied. It is denied that Mr. Garvin engaged in the conduct claimed in paragraph 49 of Plaintiff's First Amended Complaint. Further, at no time were such complaints brought against Mr. Garvin and Plaintiff is making the allegations contained in her First Amended Complaint solely for the purpose of personally attacking Mr. Garvin without any justification or legal basis whatsoever. To the extent that the allegations contained in paragraph 49 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

50. Denied. Mr. Garvin requested a meeting with Plaintiff because she was demonstrating an odd demeanor (i.e. appeared overly sorrowful) in the workplace. After Mr. Garvin met with her and found out she was upset about her bonus being less than others on the management team, he explained the correlation for others earing more. Further, Mr. Garvin made suggestions to Plaintiff about how she could increase her salary including a Nursing Home Administrator Licensing certification program which Defendant paid for (and gave Plaintiff permission to miss work to attend) but Plaintiff failed to ever complete without explanation. Also, even prior to Mr. Garvin taking on the role as CEO, Defendant had engaged a Compensation Consultant to review employee salaries and after doing so Plaintiff and others (including females) received increases in their salaries. The remaining allegations and Plaintiff's categorization are denied and no further response is required.

51. Denied. It is denied that Plaintiff's bonus was the smallest in comparison to other senior leadership management members since certain individuals received no bonus at all. The bonus is discretionary and in Mr. Garvin's opinion, others had taken actions that directly attributed to Defendant's success in a much different manner and with more impact than in comparison to Plaintiff. At no time did her gender or age motivate his decision-making. The remaining allegations are denied and no further response is required.

52. Denied. It is denied that Mr. Garvin reacted unprofessionally towards Plaintiff when in fact he offered her words of encouragement and advised her as to how she could make more money if she so desired. Defendant's responses to paragraphs 47, 50 and 51, above, are incorporated herein by reference as if set forth at length.

53. Denied. Defendant incorporates by reference its response to paragraph 14, above, as if set forth at length.

54. Denied. It is denied that Plaintiff was subjected to a hostile work environment as a woman or that Defendant favored Mr. Supper, a male. To the extent that the allegations contained in paragraph 54 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

55. Denied. Plaintiff would advise Mr. Garvin she was upset about Mr. Supper talking about gambling in front of staff. There existed no reason to believe that he was doing anything illegal or inappropriate and he performed his job duties very well.

56. Admitted in part denied in part. It is admitted only that an unfortunate issue occurred without Mr. Supper's knowledge, involving his son and the company car. Thereafter, the company car was taken away from Mr. Supper in an overabundance of caution. Defendant's agents didn't have a trust issue as to Mr. Supper in making this decision.

57. Denied.

58. Denied. Plaintiff had nothing to do with Mr. Garvin removing the company car from Mr. Supper. The fact that a female member of management did not have a company car was never raised by anyone, including the implicated employee who was allegedly took issue with the same. The CEO and CFO have always had a company car. The female CFO prior to Mr. Supper had a company issued car.

59. Admitted in part, denied. It is admitted only that on occasion when passionate about a topic or point, Mr. Supper may have a tendency to "speak over someone" but it is in no way gender specific. The remaining allegations in paragraph 59 of Plaintiff

60. Denied. It is denied that Mr. Garvin told Plaintiff not to file a worker's compensation claim. In fact, he was not even present on the day when Plaintiff suffered an asthma attack after being in the attic of a building. Plaintiff was assessed by a nurse on premises but refused to go to the hospital. To the extent that the allegations contained in paragraph 60 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

61. Denied. It is denied that Defendant has permitted or encourages a hostile and discriminatory environment through Mr. Garvin's actions and inactions or on any other basis. To the extent that the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

62. Denied. It is denied that Defendant's decision to terminate Plaintiff's employment was discriminatory on the basis of gender or any other basis. It is denied that Waverly favors males in any respect. To the extent that the allegations contained in paragraph 62 of Plaintiff's First

Amended Complaint constitute conclusions of law, they are denied and no further response is required. By way of further answer, Plaintiff's replacement is also in the protected class for age.

63. Denied. Any and all assertions made in the context of the Unemployment Compensation proceeding are privileged and it is denied that anyone at any time ever claimed that Plaintiff was a racist or that this was a basis for her termination. It is denied that Defendant retaliated against Plaintiff. To the extent that the allegations contained in paragraph 63 of Plaintiff's First Amended Complaint constitute conclusions of law, they are denied and no further response is required.

## COUNT I

## ALLEGED VIOLATION OF TITLE VII – GENDER

### (Kathleen Jungclaus v. Waverly Heights, Ltd.)

64. Defendant incorporates its response to paragraphs 1 through 63 by reference as if set forth at length.

65 through 74. Denied. The allegations contained in paragraphs 65 through 74 of Plaintiff's First Amended Complaint constitute conclusion of law, they are denied and no further response is required. By way of further answer, it is denied that Waverly discriminated against Plaintiff on any basis at any time, maintained a hostile work environment and/or retaliated against her.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## COUNT II

## ALLEGED VIOLATION OF TITLE VII – POST EMPLOYMENT RETALIATION

### (Kathleen Jungclaus v. Waverly Heights, Ltd.)

75. Defendant incorporates its response to paragraphs 1 through 74 by reference as if set forth at length.

76 through 81. Denied. The allegations contained in paragraphs 76 through 81 of Plaintiff's First Amended Complaint constitute conclusion of law, they are denied and no further response is required. By way of further answer, it is denied that Waverly discriminated against Plaintiff on any basis at any time, maintained a hostile work environment and/or retaliated against her.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## COUNT III

## ALLEGED VIOLATION OF THE ADEA

### (Kathleen Jungclaus v. Waverly Heights, Ltd.)

82. Defendant incorporates its response to paragraphs 1 through 81 by reference as if set forth at length.

83 through 93. Denied. The allegations contained in paragraphs 83 through 93 of Plaintiff's First Amended Complaint constitute conclusion of law, they are denied and no further response is required. By way of further answer, it is denied that Waverly discriminated against

Plaintiff on any basis at any time, maintained a hostile work environment and/or retaliated against her.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## COUNT IV

### ALLEGED VIOLATION OF THE PHRC – GENDER AND AGE

### (Kathleen Jungclaus v. Waverly Heights, Ltd.)

94. Defendant incorporates its response to paragraphs 1 through 93 by reference as if set forth at length.

95 through 98. Denied. The allegations contained in paragraphs 95 through 98 of Plaintiff's First Amended Complaint constitute conclusion of law, they are denied and no further response is required. By way of further answer, it is denied that Waverly discriminated against Plaintiff on any basis at any time, maintained a hostile work environment and/or retaliated against her.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## COUNT V

## DEFAMATION

### (Kathleen Jungclaus v. Thomas P. Garvin, Waverly Heights, Ltd., and John and Jane Doe Numbers 1-21)

99. Defendant incorporates its response to paragraphs 1 through 98 by reference as if set forth at length.

100 through 109. Denied. No response required in light of the Order dated April 9, 2018. On April 9, 2018, this Honorable Court granted Defendants' Motion to Dismiss whereby Count V (Defamation) and Count VI (Negligent Supervision of Thomas Garvin) were dismissed with prejudice. As a result, neither Thomas P. Garvin nor John and Jane Doe Numbers 1-21 (Waverly's Board of Trustees) are parties to this action.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## COUNT VI

## NEGLIGENT SUPERVISION OF THOMAS GARVIN

### (Kathleen Jungclaus v. Waverly Heights, Ltd. and John and Jane Doe Numbers 1-21)

110. Defendant incorporates its response to paragraphs 1 through 109 by reference as if set forth at length.

111 through 113. Denied. No response required in light of the Order dated April 9, 2018. On April 9, 2018, this Honorable Court granted Defendants' Motion to Dismiss whereby Count V (Defamation) and Count VI (Negligent Supervision of Thomas Garvin) were dismissed

with prejudice. As a result, neither Thomas P. Garvin nor John and Jane Doe Numbers 1-21 (Waverly's Board of Trustees) are parties to this action.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

## RELIEF REQUESTED

Defendant denies the Relief Requested by Plaintiff in paragraphs (a) and (b), including subparagraphs therein as conclusions of law, whereby no further response is required.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set forth viable causes of action under Title VII, the ADEA and/or the PHRA for discrimination, hostile work environment and/or retailiation/post termination retaliation on the basis of age, gender or any other basis protected under federal and state law.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to establish that she suffered adverse employment action motivated by or resulting from discrimination and/or reatliation by Defendant

### THIRD AFFIRMATIVE DEFENSE

Defendant had a legitimate business reason when it terminated Plaintiff's employment.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that the allegations of the First Amended Complaint are not set forth in her administrative charge of discrimination.

17

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages, the same being denied, she has failed to mitigate her damages.

## SIXTH AFFIRMATIVE DEFENSE

Plainitff's claims are barred by the after acquired evidence doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, by and thorugh its agents, at all times relevant hereto acted in good faith and complied with applicable laws.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred where Defednant's decision to terminate her employment was on a basis other than Plaintiff's age and/or gender.

WHEREFORE, Defendant, Waverly Heights, Ltd., respectfully requests that this Honorable Court enter judgment in its favor and against Plaintiff, Kathleen M. Jungclaus, and award costs in favor of Defendant.

EASTBURN AND GRAY, P.C.

Dated: 4/17/18

By: *Grace M. Deon*
Grace M. Deon
Attorneys for Defendant

60 East Court Street
P.O. Box 1389
Doylestown, PA 18901
Phone: (215) 345-7000
Facsimile: (215)345-9142
gdeon@eastburngray.com