## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN M. JUNGCLAUS | : | NO.   17-cv-04462-RK |
| v. | : | Jury Trial Demanded |
| WAVERLY HEIGHTS, LTD. | : | |

## DEFENDANT'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Waverly Heights, Ltd., by an through its attorneys, Eastburn & Gray, P.C., hereby files this Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

## I.    HISTORY OF THE CASE

Plaintiff filed a complaint alleging that she had been a victim of age and gender discrimination on October 6, 2017.  Plaintiff filed an amended complaint on November 17, 2019.  By Order dated April 9, 2018, the Honorable Robert Kelly granted Defendant's Motion to Dismiss Counts V and VI of the Amended Complaint.

The discovery in this case ended January 30. 2019.  Dispositive Motions were to be filed by August 1, 2019. Defendant filed a timely Motion for Summary Judgment.  Plaintiff did not file a Motion for Summary Judgment.

Plaintiff's response to the Motion for Summary was filed on October 15, 2019. Defendant's Reply to Plaintiff's Answer to the Motion for Summary Judgment follows below:

## II.    ISSUES PRESENTED

**A.    SHOULD THE DECISION OF THE PENNSYLVANIA COMMONWEALTH COURT GRANTING UNEMPLOYMENT COMPENSATION TO THE PLAINTIFF CONSTITUTE COLLATERAL ESTOPPEL/ISSUE PRECLUSION REGARDING THE LEGITIMATE BUSINESS REASON PROFFERED BY THE DEFENDANT FOR ITS EMPLOYMENT DECISION?**
(Answered in the Negative Below)

**B.    HAS PLAINTIFF PRESENTED EVIDENCE IN RESPONSE TO THE MOTION FOR SUMMARY JUDGMENT SUFFICIENT TO ESTABLISH A GENUINE ISSUE OF MATERIAL FACT JUSTIFYING DENIAL OF THE MOTION FOR SUMMARY JUDGMENT?**
(Answered in the Negative Below)

## III.    ARGUMENT

**A.    DEFENDANT'S LEGITIMATE, NONDISCRIMINATORY REASON FOR TERMINATING PLAINTIFF'S EMPLOYMENT IS NOT PRECLUDED BY THE DOCTRINE OF COLLATERAL ESTOPPEL**

In Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment, Plaintiff erroneously argues that the doctrine of collateral estoppel precludes Defendant from asserting its legitimate business reason for terminating her employment.

Plaintiff contends that since the Commonwealth Court of Pennsylvania ruled in Plaintiff's unemployment compensation action that Plaintiff did not violate Defendant's social media policy,[1] Defendant's legitimate nondiscriminatory reason for terminating Plaintiff's employment "has been litigated and determined to lack viability." *Pl.'s Memo. of Law*, p. 20. Plaintiff further claims that the Commonwealth Court decision "undercuts and invalidates Defendant's argument as to why it fired Plaintiff" and "[i]n so doing it validated Plaintiff's position that Defendant's reason was mere pretext." *Pl.'s Memo. of Law*, p. 21. Plaintiff similarly states that the Commonwealth Court's decision "should be viewed by this Court as being sufficient in and of itself to defeat Summary Judgment." *Pl.'s Memo. of Law*, p. 17.

Plaintiff misstated the current state of Pennsylvania law by citing an overturned decision to support his characterization of the law and case law superseded by statute.

The Pennsylvania law specifically provides that "[n]o finding of fact or law, judgment, conclusion, or final order made with respect to a claim for unemployment compensation under the [Pennsylvania Unemployment Compensation Law] may be deemed to be conclusive or binding in any separate or subsequent action or

---

[1] *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224 (Pa. Commw. 2017); Pl.'s Memo of Law, Ex. P-2.

proceeding in another forum." *See* 43 P.S. § 829 (emphasis added). Plaintiff did not cite this statute in her Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

This Court has routinely refused to grant preclusive effect to the decisions of the UCBR, even if the Commonwealth Court of Pennsylvania reviewed and affirmed the UCBR's findings or conclusions. *See, e.g., Williams v. Temple Univ. Hosp., Inc.*, 345 F. Supp. 3d 590 (E.D. Pa. 2018)(McHugh, J.)(holding "because Pennsylvania courts do not give preclusive effect to decisions made with respect to a claim for unemployment compensation, there is no legal basis upon which a federal court can do so."); see also *Mathis v. Christian Heating & Air Conditioning*, 91 F. Supp. 3d 651 (E.D. Pa. 2015), (DuBois, J.)(holding that "under Pennsylvania law findings of fact and conclusions of law made with respect to claims for unemployment compensation do *not* have preclusive effect in subsequent actions…"). Other courts within the Third Circuit have followed suit. *See, e.g., Kaszuba v. Borough of Dickson City*, 2018 U.S. Dist. LEXIS 159816, *21, 2018 WL 4492813 (M.D. Pa. 2018).

Nevertheless, Plaintiff incorrectly contends that "[t]here is a question as to whether unreviewed state agency decisions can be considered as preclusive for collateral estoppel purposes." *Pl.'s Memo. of Law*, p. 22. Plaintiff concludes that since the Commonwealth Court reviewed and affirmed the UCBR's decision in Plaintiff's unemployment compensation case, Defendant is now precluded from

4

asserting the same basis for terminating Plaintiff's employment. However, Plaintiff bases her conclusion upon case law specifically reversed by the Pennsylvania Superior Court.

Plaintiff relies upon *Frederick v. American Hardware Supply Co.*, 557 A.2d 779 (Pa. Super. 1989), a 1989 decision of the Pennsylvania Superior Court, to support her claim that Defendant is collaterally estopped from raising the same reason for Plaintiff's termination as Defendant raised in the unemployment proceeding. In *Frederick*, the trial court held that a decision of the UCBR referee, denying employees unemployment compensation due to the employees' willful misconduct, which was later affirmed by the UCBR and the Commonwealth Court, collaterally estopped the employees from asserting that they had been wrongfully discharged from their employment in a subsequent contract claim. The Superior Court affirmed the trial court's judgment and granted the employer's motion for partial summary judgment.

Plaintiff, failed to inform this Court that the Pennsylvania Superior Court specifically overruled its *Frederick* decision less than eight years later in *Rue v. K-Mart Corp.*, 691 A.2d 498 (Pa. Super. 1997), *aff'd*, 713 A.2d 82 (Pa. 1998). In *Rue*, the Court offered the following explanation for its refusal to apply issue preclusion:

> In sum, we will not approve the lower court's grant of issue preclusion in this case. To do so would be to hold, in effect, that appellee loses the defamation suit based upon the finding of an unemployment

5

compensation referee, even though significantly different procedures apply and different policies and goals are at stake in the unemployment compensation proceeding. Those policies and procedures operate to render a[n] unemployment compensation hearing less than a "full and fair opportunity to litigate the facts relevant to the subsequent action.
…
To the extent that *Frederick v. American Hardware Supply*, 384 Pa. Super. 72, 557 A.2d 779 (1989), *appeal denied*, 523 Pa. 636, 565 A.2d 445 (1989), conflicts with our decision herein, we specifically overrule it.
*Rue*, 691 A.2d at 508, 508 n.3 (emphasis added).

It is also important to note that the most recent opinion cited by Plaintiff, *Swineford v. Snyder County*, 15 F.3d 1258 (3rd Cir. 1994), is over twenty-five years old. The language from Section 829 of the Pennsylvania Unemployment Compensation Law, quoted above, was adopted into the statute in 2003, almost ten years after the *Swineford* decision. *See* 43 P.S. § 829; *see also Williams*, 345 F. Supp. 3d at 595. Plaintiff totally ignored this provision of Pennsylvania law that governs the application of collateral estoppel in this case.

Defendant's proffer of its legitimate non-discriminatory reason for terminating Plaintiff's employment is not barred due to the doctrine of collateral estoppel/issue preclusion. Plaintiff's claim to the contrary is blatant misstatement of the law.

**B.     PLAINTIFF HAS FAILED TO PRESENT ANY EVIDENCE IN THE RECORD  SUFFICIENT TO OVERCOME  A GRANT OF SUMMARY JUDGMENT TO THE DEFENDANT.**

It is interesting that Plaintiff's "Overview" of this case begins with the phrase, "Instead of focusing on the state of the facts developed in this case…" Yet, it is this court's role to review *only* the facts and evidence, both testimonial and documentary that was produced by the parties during the course of this litigation.  It is the facts adduced through discovery, the written documentation and affidavit evidence provided in Defendant's appendix that justifies the grant of summary judgment in this case.

Plaintiff seemingly admits that there is no direct or circumstantial evidence that she was the victim of unlawful discrimination in any form; not age, not gender, not hostile environment, not retaliation.  Thus, Plaintiff is left with and has argued that she has met the *McDonnell Douglas* pretext standard to defeat the grant of summary judgment, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1978)  Specifically, plaintiff claims that she was an advocate for women and those over the age of forty and argued against discrimination in any of the terms and conditions of her own employment and that of others in the workplace.  Her firing, she asserts, was in retaliation for making complaints to Mr. Garvin that she and others "deserved more" or that the workplace was a hostile environment.  No evidence was presented as to when these alleged complaints

7

occurred nor is there any documentation confirming that plaintiff engaged in any protected activity on behalf of anyone. According to the affidavits submitted by Defendant, Plaintiff's contentions have no basis in fact.

Defendant asserted and proved that it received an anonymous letter from one of its residents about a Tweet admittedly posted by Plaintiff. (Appendix, Vol. II, p. 270-272) Defendant investigated the Tweet, and found that Plaintiff's conduct violated its policies and demonstrated a shocking lack of judgment by its Vice President of Human Resources, charged with enforcing policies prohibiting discrimination. Plaintiff was terminated as a result. This is a legitimate, non-discriminatory business reason.

Mere disagreement with an employer's decision is insufficient as a matter of law to survive summary judgment. *Inella v. Lenape Valley Foundation*, 152 F. Supp. 3d 445, 460. (E.D. Pa. 2015)  As the Third Circuit noted in *Willis v. UPMC Children's Hospital of Pittsburgh*, 808 F.3d 638 (3d Cir. 2015) it is not the court's role "to rule on the strength of cause for discharge. The question is not whether the employer made the best, or even a sound, business decision; it is whether the real reason is discrimination." There, the court held that the plaintiff had not shown that the reason for discipline was so weak as to render it "unworthy of credence." Id. Likewise, in *Walker v. Philadelphia Presbytery Home, Inc*. No.15-CV-6514, 2016 U.S. Dist. LEXIS 145323, (E.D. Pa. 2016), the Court noted that "In proving pretext

and to survive summary judgment, the plaintiff must demonstrate "that the employer's articulated reason was not merely wrong, but that it was so plainly wrong that it cannot have been the employer's real reason." *Lapaz v. Barnabas Health System*, No. 15-1773, 2015 U.S. App. LEXIS 21816, 634 Fed. Appx. 367, 370 (3d Cir. Dec. 16, 2015)(quoting *Jones v. School District of Philadelphia*, 198 F.3d 403, 413 (3d Cir. 1999)).

Plaintiff can point to no evidence that the Defendant's reason for terminating her employment was a mere pretext for discrimination, or that either her age or her gender was a factor in the decision to terminate her employment.  Nor are there any facts supporting a claim of retaliation for allegedly bringing inappropriate conduct of others to the attention of Defendant's CEO.  Admittedly, Plaintiff was unhappy about her bonus in December 2015 and claimed that "things were never the same" after she raised this issue.  Yet Plaintiff cannot link this incident to her termination more than nine months later.   Indeed, Plaintiff testified under oath at the unemployment compensation hearing that she was "fired over a knee jerk reaction to an anonymous letter and speculation as to what the meaning of the Tweet was". (Appendix Vol. II, p.353)   Plaintiff did not request the personnel files of those who allegedly were victims of discrimination on the basis of age or gender, or made complaints of discrimination to her.  Nor did she present or even seek documentation showing that she investigated any claim of discrimination on behalf of the persons

9

she listed in response to the discovery requests or reported complaints about the alleged hostile workplace to anyone.   There were no dates provided when any alleged discrimination occurred or when these "reports" were made, to support a claim that she was retaliated against for allegedly reporting discrimination.  She did not take the deposition of any current or former employee on whose behalf she allegedly reported discrimination nor supply an affidavit from anyone other than herself.  She did not retain an expert to challenge the method by which her annual raises were calculated nor did she provide any market analysis regarding the standard in the non-profit industry for awarding bonuses to employees. (*See* Appendix, Vol. II, p. 227-269)   Plaintiff was the Vice President of Human Resources whose job it was to investigate and document claims of discrimination.   Plaintiff was in a unique position to request in discovery, records, files and other information about the specific employees who allegedly made complaints to her of discrimination and the absence of such evidence is fatal to Plaintiff's case.

The conclusory allegations of the Plaintiff in this case are just that; not evidence of discrimination in any form.  In weighing the evidence presented by the Defendant in support of its Motion for Summary Judgment, the Plaintiff "must point to some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or

determinative cause of the employer's action." *Ugorji v. N.J. Environmental Infrastructure Trust*, No. 12-2751, 529 Fed. Appx. 145, 151, 2013 U.S. App. LEXIS 12265 (3d Cir. June 18, 2013)(quoting <u>Burton</u>, 707 F.3d at 427). There is no documentary evidence nor testimony to support any of the claims raised by Plaintiff in support of the age, gender and retaliation claims raised during the course of this litigation.  Summary judgment in favor of Defendant is warranted in this case.

## IV.    CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

RESPECTFULLY SUBMITTED,

**EASTBURN AND GRAY**

By: _Joanne d. Sommer_

Dated: October 29, 2019

Joanne D. Sommer
Grace M. Deon
Attorneys for Defendants

60 East Court Street
P.O. Box 1389
Doylestown, PA  18901
Phone:  (215) 345-7000
Facsimile:  (215)345-9142
jsommer@eastburngray.com
gdeon@eastburngray.com

11

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN M. JUNGCLAUS,      :

          :
       Plaintiff :  NO. 17-cv-04462-RK
  v.         :
          :
WAVERLY HEIGHTS, LTD.,     :  Jury Trial Demanded
          :
       Defendant :

## <u>CERTIFICATE OF SERVICE</u>

I, Joanne D. Sommer, do hereby certify that on October 28, 2019, I served true and correct copy of Defendant's Reply to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and proposed Order, via electronic filing/ECF upon Plaintiff's attorney, Mark D. Schwartz, Esquire.   A courtesy copy of the aforementioned will be provided to the Chambers of the Hon. Paul S. Diamond.

         **EASTBURN AND GRAY, P.C.**

        By:

         Grace M. Deon
         Joanne D. Sommer
         Attorneys for Defendant